UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JON HOUSER<br>and<br>ROBERT GINTHER<br><br>    Plaintiffs,<br><br>v.<br><br>WESLEY ROGERS<br>521 River Bend Rd.<br>Mammoth Spring, AR 72554<br><br>and<br><br>Norma Jean Rogers<br>Defendant Ad Litem for<br>Douglas Rogers, deceased<br>45 Patricia Avenue<br>Mammoth Spring, AR 72556<br><br>and<br><br>BRENDA AKRIDGE<br>Defendant Ad Litem for<br>Keith Akridge, deceased,<br>1435 Wayne Dr.<br>Arnold, MO 63010<br><br>    Defendants. | Cause No. 07-3263-CV-S-JTM |

## COMPLAINT

COME NOW Plaintiffs and for their cause of action state:

1. That this action is brought pursuant to the provisions of 28 USC § 1331(1); and the provisions of the Admiralty Jurisdiction Act, 6 USC § 740.

2. That Plaintiff Jon Houser is a resident and citizen of the State of Missouri, residing in Jefferson County.

3. That Plaintiff Robert Ginther is a resident and citizen of the State of Missouri, residing in Jefferson County.

4. That Defendant Wesley Rogers is a resident and citizen of the State of Arkansas.

5. That Defendant Douglas Rogers, deceased, was a resident of the State of Arkansas.

6. That Defendant Ad Litem Brenda Akridge is a resident and citizen of the State of Missouri, as was her husband Keith Akridge, deceased.

7. That on or about July 7, 2007, Plaintiffs were passengers on a pleasure boat operating upon the waters of Bull Shoals Lake in the State of Missouri. Said pleasure boat was being driven by decedent Keith Akridge when the boat collided with a fishing boat which was being operated by Wesley Rogers.

8. That Bull Shoals Lake came into being as a result of the construction of the Bull Shoals Dam on the White River in 1952. Bull Shoals Lake borders both Arkansas and Missouri. Commercial marinas operate on both the Arkansas side and Missouri side of the lake. Those marinas sell food, gas, and other commodities to boat travelers from both Arkansas and Missouri. The marinas rent houseboats and pleasure craft for use on both the Arkansas side and Missouri side of Bull Shoals Lake.

## COUNT I

COMES NOW Plaintiff Jon Houser and for Count I of this Complaint directed to Defendant Wesley Rogers states:

9. That Plaintiff Jon Houser incorporates by reference herein paragraphs 1 through 8 of this Complaint.

10. That the aforementioned collision was the direct and proximate result of the carelessness and negligence of Defendant Wesley Rogers in the following particulars, to wit:

a. that Defendant Wesley Rogers drove his boat at a high and dangerous rate of speed under the conditions then and there existing;

b. that Defendant Wesley Rogers violated the speed limit of 30 mph for boats operating at night in Missouri waters on Bull Shoals Lake;

c. that Defendant Wesley Rogers failed to yield the right of way to the boat on which Plaintiff Jon Houser was a passenger;

d. that Defendant Wesley Rogers failed to keep a proper lookout in the direction of his travel.

11. That as a direct and proximate result of the carelessness and negligence of Defendant Wesley Rogers as aforementioned, Plaintiff Jon Houser was caused to sustain the following injuries and damages: that Plaintiff suffered a ruptured bladder; that Plaintiff suffered a ruptured appendix; that Plaintiff suffered trauma to his colon; that Plaintiff's head, neck, and back, and all of the bones, ligaments, and soft tissues contained therein, were severely wrenched, strained, sprained, fractured, torn, bruised, and contused; that Plaintiff incurred hospital, medical, and surgical expenses as and for treatment of his injuries, and will in the future incur similar hospital, medical, and surgical expenses; that Plaintiff suffered a wage loss, and will in

the future be impaired in his earning capacity; that all of Plaintiff's injuries are permanent, painful, progressive, and disabling; that Plaintiff suffered, suffers, and will in the future suffer much pain of body and limitation of function in his bladder, colon, head, neck, and back.

WHEREFORE, for Count I of this Complaint directed to Defendant Wesley Rogers, Plaintiff Jon Houser prays damages in a reasonable sum, together with his costs herein expended.

## COUNT II

COMES NOW Plaintiff Jon Houser and for Count II of this Complaint directed to Defendant Ad Litem for decedent Douglas Rogers states:

12. That Plaintiff Jon Houser incorporates by reference herein paragraphs 1 through 8 of this Complaint.

13. That at the time of the aforementioned collision, Defendant Wesley Rogers and decedent Douglas Rogers were participating in a joint venture, i.e., a fishing tournament where they participated as a team for joint benefit.

14. That the aforementioned collision was the direct and proximate result of the carelessness and negligence of decedent Douglas Rogers in the following particulars, to wit:

    a. that decedent Douglas Rogers drove his boat at a high and dangerous rate of speed under the conditions then and there existing;

    b. that decedent Douglas Rogers violated the speed limit of 30 mph for boats operating at night in Missouri waters on Bull Shoals Lake;

4

c. that decedent Douglas Rogers failed to yield the right of way to the boat on which Plaintiff Jon Houser was a passenger;

d. that decedent Douglas Rogers failed to keep a proper lookout in the direction of his travel.

15. That as a direct and proximate result of the carelessness and negligence of decedent Douglas Rogers as aforementioned, Plaintiff Jon Houser was caused to sustain injuries and damages as elsewhere alleged herein.

WHEREFORE, for Count II of this Complaint directed to decedent Douglas Rogers, Plaintiff Jon Houser prays damages in a reasonable sum, together with his costs herein expended.

## COUNT III

COMES NOW Plaintiff Jon Houser and for Count II of this Complaint directed to Defendant Ad Litem Brenda Akridge for decedent Keith Akridge, states:

16. Plaintiff Jon Houser incorporates by reference herein paragraphs 1 through 8 of this Complaint.

17. That the aforementioned collision was the direct and proximate result of the carelessness and negligence of decedent Keith Akridge in the following particulars, to wit:

a. that decedent Keith Akridge failed to keep a proper lookout.

18. That as a direct and proximate result of the carelessness and negligence of decedent Keith Akridge as aforementioned, Plaintiff Jon Houser was caused to sustain injuries and damages as elsewhere alleged herein.

WHEREFORE, for Count III of this Complaint directed to Defendant Ad Litem Brenda Akridge for decedent Keith Akridge, Plaintiff Jon Houser prays damages in a reasonable sum, together with his costs herein expended.

## COUNT IV

COMES NOW Plaintiff Robert Ginther and for Count IV of this Complaint directed to Defendant Wesley Rogers states:

19. That Plaintiff Robert Ginther incorporates by reference herein paragraphs 1 through 8 of this Complaint.

20. That the aforementioned collision was the direct and proximate result of the carelessness and negligence of Defendant Wesley Rogers in the following particulars, to wit:

a. that Defendant Wesley Rogers drove his boat at a high and dangerous rate of speed under the conditions then and there existing;

b. that Defendant Wesley Rogers violated the speed limit of 30 mph for boats operating at night in Missouri waters on Bull Shoals Lake;

c. that Defendant Wesley Rogers failed to yield the right of way to the boat on which Plaintiff Robert Ginther was a passenger;

d. that Defendant Wesley Rogers failed to keep a proper lookout in the direction of his travel.

21. That as a direct and proximate result of the carelessness and negligence of Defendant Wesley Rogers as aforementioned, Plaintiff Robert Ginther was caused to sustain the following injuries and damages: that Plaintiff suffered fractured ribs; that Plaintiff suffered contusions and trauma to his lungs; that Plaintiff's head, neck, and back, and all of the bones, ligaments, and soft tissues contained therein were severely wrenched, strained, sprained, fractured, torn, bruised, and contused; that Plaintiff has incurred hospital and medical expenses as and for treatment of his injuries and will in the future incur similar hospital and medical expenses; that Plaintiff sustained a wage loss and will in the future be impaired in his earning capacity; that all of Plaintiff's injuries are permanent, painful, progressive, and disabling; that Plaintiff suffered, suffers, and will in the future suffer much pain of body and limitation of function in his ribs, lungs, head, neck, and back.

WHEREFORE, for Count IV of this Complaint directed to Defendant Wesley Rogers, Plaintiff Robert Ginther prays damages in a reasonable sum, together with his costs herein expended.

## COUNT V

COMES NOW Plaintiff Robert Ginther and for Count V of this Complaint directed to Defendant Ad Litem for decedent Douglas Rogers states:

22. That Plaintiff Robert Ginther incorporates by reference herein paragraphs 1 through 8 of this Complaint.

23. That at the time of the aforementioned collision, Defendant Wesley Rogers and decedent Douglas Rogers were participating in a joint venture, i.e., a fishing tournament where they participated as a team for joint benefit.

24. That the aforementioned collision was the direct and proximate result of the carelessness and negligence of decedent Douglas Rogers in the following particulars, to wit:

   a. that decedent Douglas Rogers drove his boat at a high and dangerous rate of speed under the conditions then and there existing;

   b. that decedent Douglas Rogers violated the speed limit of 30 mph for boats operating at night in Missouri waters on Bull Shoals Lake;

   c. that decedent Douglas Rogers failed to yield the right of way to the boat on which Plaintiff Robert Ginther was a passenger;

   d. that decedent Douglas Rogers failed to keep a proper lookout in the direction of his travel.

25. That as a direct and proximate result of the carelessness and negligence of decedent Douglas Rogers as aforementioned, Plaintiff Robert Ginther was caused to sustain injuries and damages as elsewhere alleged herein.

WHEREFORE, for Count V of this Complaint directed to decedent Douglas Rogers, Plaintiff Robert Ginther prays damages in a reasonable sum, together with his costs herein expended.

## COUNT VI

COMES NOW Plaintiff Robert Ginther and for Count VI of this Complaint directed to Defendant Ad Litem Brenda Akridge for decedent Keith Akridge, states:

26. Plaintiff Robert Ginther incorporates by reference herein paragraphs 1 through 8 of this Complaint.

27. That the aforementioned collision was the direct and proximate result of the carelessness and negligence of decedent Keith Akridge in the following particulars, to wit:

   a. that decedent Keith Akridge failed to keep a proper lookout.

28. That as a direct and proximate result of the carelessness and negligence of decedent Keith Akridge as aforementioned, Plaintiff Robert Ginther was caused to sustain injuries and damages as elsewhere alleged herein.

WHEREFORE, for Count VI of this Complaint directed to Defendant Ad Litem Brenda Akridge for decedent Keith Akridge, Plaintiff Robert Ginther prays damages in a reasonable sum, together with his costs herein expended.

Respectfully submitted,

THE ROBERTS LAW FIRM, P.C.

/s/

_____

CLINTON R. WRIGHT, #40820
Attorney for Plaintiffs
215 Chesterfield Business Parkway, Ste. A
Chesterfield, MO 63005
p) 636-530-9199
f) 636-530-6805
Email: Clinton@therobertslawfirm.net

## Certificate of Service

I hereby certify that on August 10, 2007 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.